**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JOHN GARNER**,

                Petitioner,

**v.**

**FREDERICK ENTZEL,**
**Warden, FCI Hazelton**

              Respondent.

**Civil No.: 3:18-CV-51
(GROH)**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On April 11, 2018, Petitioner acting *pro se* filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF Nos 1, 1-1.  Petitioner is currently housed at Williamsburg FCI.[1]  However, at the time of filing his § 2241 petition he was located at FCI Hazelton.[2]  ECF No. 1 at 6.  Petitioner also filed with his petition a document entitled Memorandum in Support of the Petitioner's Motion pursuant to 28 U.S.C. § 2241. ECF No. 1-1.

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed without prejudice.

---

[1] *Inmate Locator*, BUREAU OF PRISONS (April 28, 2019, 12:45 PM), https://www.bop.gov/inmateloc/.

[2] The Court further notes that pursuant to Rule 6 of the Federal Rules of Prisoner Litigation Procedure, the Petitioner has an obligation to "notify the Clerk of the Court of an address change" and that failure to do so "will result in dismissal."

## II.   FACTS

### A.  Conviction and Sentence[3]

On May 21, 2014, in the United States District Court for the Southern District of New York, a multi-count indictment was returned which charged Petitioner in counts 1 and 2 with Hobbs Act Robbery Conspiracy in violation of 18 U.S.C. § 1951(b)(1) and Possession of a Firearm in Furtherance of a Robbery in violation of 18 U.S.C. 924(c)(1)(A)(ii).  ECF No. 10 at 1 – 2.  On February 11, 2015, Petitioner entered a guilty plea as to both counts 1 and 2 of the indictment. ECF No. 42.

On October 14, 2015, Petitioner was sentenced to 56 months of imprisonment on count 1 and 84 months of imprisonment on count 2, to run consecutively to one another for a total of 140 months imprisonment. ECF No. 84 at 2.

### B.  Appellate and Other Post-conviction Relief

On October 23, 2015, Petitioner filed a notice of intent to appeal.  ECF No. 85. That case was docketed by the United States Court of Appeals for the Second Circuit as number 15-3454.  U.S.C.A. 2nd Cir. 15-3454.  Petitioner submitted a supplemental brief alleging that that Hobbs Act Robbery Conspiracy is no longer a crime of violence that can sustain an 18 U.S.C. § 924(c)(1)(A) conviction.  U.S.C.A. 2nd Cir. 15-3454, ECF No. 60 at 10.  The Second Circuit ordered the Government's motion to dismiss the appeal would be deferred while it considered two other cases involving similar issues. Decisions have now been made in both cases; however, the appellant in one case

---

[3] The facts in section II., unless otherwise noted, are taken from Petitioner's criminal case, Case Number 1:14-CR-332-2 in the United States District Court for the Southern District of New York, available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of public record); Colonial Penns. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

plans to file a petition for certiorari.  U.S.C.A. 2nd Cir. 15-3454, ECF No. 86. Petitioner's appeal is currently stayed until further order of the Second Circuit.  Id.

On June 26, 2016, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, arguing the application of Johnson v. United States, 135 S. Ct. 2251 (2015).  ECF No. 95.  On August 9, 2016, the District Court entered an order stating that the § 2255 petition would "serve as a 'placeholder' until it is supplemented at a later date by 'a brief that more fully sets forth the basis for the requested relief.'"  ECF No. 99.  A review of the docket shows that the § 2255 motion remains pending and has not been supplemented.

### C.  Instant 2241 Petition

This § 2241 petition was filed on April 11, 2018, and was accompanied by a six-page memorandum of law.  ECF Nos. 1, 1-1.  Therein, Petitioner challenges both his conviction and sentence.  ECF No. 1 at 1, 5, 8.

Petitioner's sole ground for relief is that he is innocent of his conviction under 18 U.S.C. § 924(c).  ECF No. 1 at 5, 9.  He seeks vacation of his conviction and sentence. Id. at 8.  Petitioner alleges that the term "crime of violence," as used in 18 U.S.C. 924(c)(1)(A)(ii), is unconstitutionally vague.  ECF No. 1-1 at 3.  Petitioner also relies on a Maryland District Court finding that conspiracy to Commit Hobbs Act Robbery is not a crime of violence.  United States v. Edmundson, 153 F. Supp.3d 857, 864 (D. Md. 2015).  For relief, Petitioner asserts that he is actually innocent of his Possession of a Firearm in Furtherance of a Robbery and requests that his conviction be invalidated. ECF No. 1 at 13.

### III.   <u>LEGAL STANDARD</u>

**A. Reviews for Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. Pro Se Litigants**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon,

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when <u>Neitzke</u> was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may

4

> baseless lawsuits that paying litigants generally do not
> initiate because of the costs of bringing suit and because of
> the threat of sanctions for bringing vexatious suits
> under Federal Rule of Civil Procedure 11. To this end, the
> statute accords judges not only the authority to dismiss a
> claim based on an indisputably meritless legal theory, but
> also the unusual power to pierce the veil of the complaint's
> factual allegations and dismiss those claims whose factual
> contentions are clearly baseless.

490 U.S. at 327.

### C.  Post-conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### IV.   ANALYSIS

Petitioner's direct appeal remains pending in the United States Court of Appeals for the Second Circuit.  U.S.C.A. 2nd Cir. 15-3454.  In the instant § 2241 petition, Petitioner seeks the exact same relief that he seeks in the Second Circuit Court of Appeals.  Additionally, Petitioner has filed a motion under § 2255 in the court of his

---

dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

conviction, which also remains pending.   The challenge to Petitioner's conviction is more appropriately considered in Petitioner's direct appeal in the Second Circuit Court of Appeals and/or in his § 2225 petition in the court of conviction.

It has long been recognized in this Circuit that courts should not rule upon issues when another court already exercises jurisdiction over those same matters.  Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325–26 (4th Cir. 1937) ("The court will refuse [to rule] where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances.")

Accordingly, it is clear on the face of the petition that this court lacks jurisdiction, because the matters addressed and relief sought are already under consideration by the Second Circuit Court of Appeals, in a direct appeal from the judgment of the District Court in the Southern District of New York, and by the District Court in the Southern District of New York in his pending § 2255 proceeding.

## V.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District

Judge.    Objections  shall  not  exceed  ten  (10)  typewritten  pages  or  twenty  (20) handwritten  pages,  including  exhibits,  unless  accompanied  by  a  motion  for  leave  to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The  Clerk  of  the  Court  is  directed  to  mail  a  copy  of  this  Report  and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  May 31, 2019


/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE